# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLLEEN ARSENAULT,<br><br>        Plaintiff,<br>  v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-08211 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

Colleen Arsenault, Plaintiff Pro Se
301 South Hildebrand Avenue, Apt. 4M
Glendora, NJ 08029

**SIMANDLE, District Judge:**

    1.   Plaintiff Colleen Arsenault ("Plaintiff") seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the defendant Camden County Correctional Facility ("CCCF") where she was previously confined for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the Complaint with prejudice in part and dismiss it without prejudice in part. The Complaint: (a) is dismissed with prejudice as to claims made against defendant CCCF; (b) is dismissed without prejudice, for lack of standing, as to conditions of confinement claims to enjoin overcrowding; (c) is dismissed without prejudice, for lack of standing, as to conditions of confinement claims for injunctive relief regarding inadequate medical care; and (d) is dismissed without prejudice, for lack of standing, as to conditions of confinement claims regarding lack of clean clothes. Plaintiff may file an amended complaint within 30 days after the date this Opinion and Order are entered on the docket to correct the deficiencies and to identify by name the party(ies) who are allegedly liable under her conditions of confinement claims. Any such amended complaint shall be subject to screening under 28 U.S.C. § 1915. Upon Plaintiff's failure to file an amended complaint naming the party(ies) whom she alleges are liable, her claims shall be subject to dismissal without further notice for lack of standing.

**Standard of Review**

4. To survive *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**Claims Against CCCF: Dismissed With Prejudice**

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

---

by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

7. In the Complaint, Plaintiff seeks relief for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

**<u>Conditions of Confinement Claims: Dismissed Without Prejudice
For Lack of Standing</u>**

8. Plaintiff seeks a court injunction rather than money damages, and she is no longer incarcerated at CCCF. (Complaint, § V, page 1, page 5) (seeking "avoid[ance] [of] same treatment to any other inmate at Camden County Correctional Facility"). Plaintiff therefore lacks standing to seek injunctive relief because she is no longer subject to the allegedly unconstitutional conditions she seeks to challenge. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("Appellant in this case was no longer imprisoned at the time he brought his suit . . . Moreover, he does not seek damages for deprivation of his rights

while he was [imprisoned] at [defendant's] facility. Rather, he prays only for injunctive and declaratory relief to improve the conditions for those inmates still imprisoned [there]. While helping one's fellow citizen is an admirable goal, the Constitution limits federal court jurisdiction to review of 'actual cases or controversies' in which the plaintiff has a 'personal stake' in the litigation. U.S. CONST. art. III, § 2. The case or controversy must be a continuing one and must be 'live' at all stages of the proceedings. Accordingly, the courts have held that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge") (citations omitted). For these reasons, Plaintiff's claims in this case for prospective injunctive relief must be dismissed for lack of standing.

9. Nevertheless, pro se complaints are construed liberally and are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, this Court will, as explained more fully below, afford Plaintiff leave to amend the Complaint to allege actionable claims, if she elects to do so.

10. The Court further advises Plaintiff that she was one of thousands of members of a certified class in the case on this Court's docket entitled, *Dittimus-Bey v. Camden County*

*Correctional Facility*, Civil No. 05-cv-0063 (JBS), which was a class action case. The class plaintiffs were all persons confined at the Camden County Correctional Facility ("CCCF"), as either pretrial detainees or convicted prisoners, at any time from January 6, 2005 until June 30, 2017. The class of plaintiffs sought injunctive and declaratory relief about unconstitutional conditions of confinement at the CCCF involving overcrowding. That class action did not involve money damages for individuals. A proposed final settlement of that case, which describes the settlement in detail, was preliminarily approved on February 22, 2017. Various measures undertaken in several Consent Decrees under court approval reduced the jail population to fewer prisoners than the intended design capacity for the jail. This greatly reduced or eliminated triple and quadruple bunking in two-person cells, as explained in the Sixth and Amended Final Consent Decree, which continues those requirements under court supervision. According to the Notice to all class members that was approved in the *Dittimus-Bey* case on February 22, 2017, any class member could object to the proposed settlement by filing an objection in the *Dittimus-Bey* case before April 24, 2017. A court hearing occurred on May 23, 2017, at which objections were to be considered. This Court finally approved the *Dittimus-Bey* settlement on June 30, 2017, and that settlement bars Plaintiff and other class members from seeking

injunctive or declaratory relief for the period of time from January 6, 2005 through June 30, 2017, but the settlement did not bar any individual class member from seeking money damages in an individual case. In other words, the Final Consent Decree in *Dittimus-Bey* did not adjudicate or deal with any individual money damage claims. Indeed, claims for money damages were not sought in *Dittimus-Bey* and inmates were free to pursue individual claims for monetary relief under 42 U.S.C. § 1983 by filing an individual complaint.

11. Plaintiff, a class member in *Dittimus-Bey*, is bound by that case's final judgment in which class members are deemed to release claims for injunctive and declaratory relief against Camden County and its officers and employees through the final judgment date of June 30, 2017. This means that Plaintiff, like all class members, can no longer obtain injunctive relief beyond that authorized in the Consent Decree for jail conditions during the class period. But that litigation did not involve individual inmates' or detainees' claims or class claims for money damages, which must be sought and proved on an individual claim basis. However, Plaintiff here has not done so, as her present Complaint (Docket Entry 1) seeks only injunctive relief.

### (1) Conditions of Confinement Claim As To Overcrowding: Dismissed Without Prejudice and With Leave To Amend

12. As explained above, Plaintiff's conditions of confinement allegations of overcrowding at CCCF are moot, as she

seeks only injunctive relief, is no longer incarcerated at CCCF, and therefore lacks standing. The Court advises Plaintiff that these overcrowding allegations fail to state a claim in the first instance, 28 U.S.C. § 1915(e)(2)(b)(ii), for the reasons set forth below.

13. The Complaint alleges that Plaintiff "slept on cold floor without mat." (Docket Entry 1, Complaint § III(C).) Plaintiff states that "other inmates filed the same civil lawsuit claim" (*id*.), which this Court construes as reference to the *Dittimus-Bey* litigation filed by CCCF detainees asserting conditions of confinement claims arising from overcrowding. Plaintiff's conditions of confinement claim is thus referred to in this Opinion as her "Overcrowding Claim."

14. Plaintiff contends that these events occurred "4-15 through 5-15 / 6-16 through 7-16." *Id*. at § III(B).

15. Plaintiff seeks injunctive relief of "avoid[ance] [of] same treatment to any other inmate at Camden County Correctional Facility." *Id*. at § V.

16. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not

enough factual support for the Court to infer a constitutional violation has occurred.

17. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement,

any other relevant facts regarding the conditions of confinement, etc.

18. Furthermore, Plaintiff has not named a responsible person as to her allegations of overcrowding, as required by 42 U.S.C. § 1983, above. Even though *pro se* pleadings are construed liberally and given the benefit of all reasonable inferences, Plaintiff still bears the burden of supplying the essential facts of her claim. *See, e.g.*, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("*pro se* litigants still must allege sufficient facts in their complaints to support a claim"). It is not for the Court to speculate as to which party(ies) the Plaintiff attributes liability for her overcrowded conditions of confinement claim, given that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

**(2) Conditions Of Confinement Claim As To Inadequate Medical Care: Dismissed Without Prejudice and With Leave to Amend**

19. As explained above, Plaintiff's conditions of confinement allegations are moot, as she seeks only injunctive relief, is no longer incarcerated at CCCF, and therefore lacks standing. The Court advises Plaintiff that her particular allegations as to inadequate medical care fail to state a claim in the first instance, 28 U.S.C. § 1915(e)(2)(b)(ii), for the reasons set forth below.

20. Construing the Complaint to assert conditions of confinement claims based on inadequate medical care, Plaintiff does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive review under § 1915.

21. Plaintiff alleges that she "wasn't able to see medical nurse for injuries from metro police" and was "also left without san[i]tary treatment" (hereinafter referred to as "Plaintiff's Alleged Injuries"). Complaint § III(C). She contends that she "did not receive any treatments to injuries. When asked to see nurse, C.O. handed [me] a slip to fill out. [I] filled out slip to see nurse and [I] never seen nurse. Inmate only seen nurse for a ppd shot, pregnancy testing, and temp reading. When asked R.N. when would [I] see nurse, again she stated after 7 day lockdown." *Id*. § IV (referred to in this Opinion as Plaintiff's "Medical Care Claim").

22. Plaintiff does not specify any serious medical condition as to which a CCCF employee or agent was deliberately indifferent, causing damages resulting from these events. *Id*. She seeks exclusively injunctive relief. *Id*. at § V.

23. In the context of detainees alleging claims related to medical conditions, the Due Process Clause of the Fourteenth Amendment incorporates the protections of the Eighth Amendment, including the latter's "deliberate indifference" standard, such

that "substantive due process rights are violated only when 'the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the conscience.'" *Callaway v. New Jersey State Police Troop A*, No. 12-5477, 2015 WL 1202533, at *4 (D.N.J. Mar, 17, 2015) (citing *County of Sacramento v. Lewis,* 523 U.S. 833, 846–47, n.8 (1998)). *See also Jacobs v. Cumberland Cty. Dep't of Corr.*, No. 09-0133, 2010 WL 5141717, at *4 (D.N.J. Dec. 8, 2010) ("When executive action is at issue, a violation of the Fourteenth Amendment right to substantive due process may be shown by conduct that 'shocks the conscience'") (citing *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.,* 372 F.3d 572, 579 (3d Cir. 2004)); *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016); *Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia,* 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)).

24. In order to set forth a cognizable claim for violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

25. There are not enough facts in the present Complaint for the Court to infer Plaintiff has a plausible claim for denial of adequate medical care for a serious condition.

26. First, as to Plaintiff's Alleged Injuries, the Complaint offers no facts demonstrating that they were of a nature and extent which satisfy the "serious condition" prong of a Fourteenth Amendment claim (*Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582). For example, Plaintiff does not describe the type of injuries, the part(s) of her person that were injured, when the injuries occurred, the severity of the injuries, the injuries' duration, or the specific nature of the "san[i]tary treatment" she claims she was wrongfully denied. The Complaint sets forth no facts establishing that the Alleged Injuries: "(1) ha[d] been diagnosed by a physician as requiring treatment"; or (2) "[were] so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) were a condition for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted).

27. Second, Plaintiff's Complaint sets forth no facts establishing that CCCF demonstrated "deliberate indifference" to her Alleged Injuries during incarceration (*i.e.*, the second prong for a Fourteenth Amendment inadequate medical care claim).

*Estelle*, 429 U.S. at 106. This second essential element required by the *Estelle* case, above, "requires an inmate to show that prison officials acted with deliberate indifference to h[er] serious medical need." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). Conduct that constitutes negligence does not rise to the level of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Courts have found deliberate indifference "in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence[.] *Nicini v. Morra*, 212 F.3d 798, 815 n.14 (3d Cir. 2000)." *Natale*, 318 F.3d at 582. Plaintiff does not allege any facts suggesting that a particular course of medical treatment would have yielded different and better results, or that Plaintiff was damaged by a lack of care.

28. A mere assertion that Plaintiff had "injuries from metro police" for which she "did not receive any treatments" (Complaint §§ III(C), IV)) is insufficient to meet the constitutional pleading standard for deliberate indifference to serious medical needs in the absence of any facts.

### (3) Conditions Of Confinement Claim As To Clothing: Dismissed Without Prejudice and With Leave to Amend

29. As explained above, Plaintiff's conditions of confinement allegations are moot, as she seeks only injunctive relief, is no longer incarcerated at CCCF, and therefore lacks standing. The Court advises Plaintiff that her particular allegations as to clean clothes fail to state a claim in the first instance, 28 U.S.C. § 1915(e)(2)(b)(ii), for the reasons set forth below.

30. Plaintiff states that while incarcerated she "wore bloody pants for 2 days" and that "Sgt., Captain & Warden were informed about the inmates['] health & living conditions." *Id*. § V (referred to in this Opinion as "Clothing Conditions Claim").

31. "A conditions of confinement claim is a constitutional attack on the general conditions, practices, and restrictions of pretrial or other detainee confinement. A constitutional violation exists if the court finds that the conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective." *Al-Shahin v. U.S. Dep't of Homeland Sec.*, No. 06-5261, 2007 WL 2985553, at *9 (D.N.J. Oct. 4, 2007) (citing *Bell*, 441 U.S. at 538-39).

32. "Analysis of whether a pre-trial detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court." *Alexis v. U.S. Dep't of Homeland Sec.*, No. 05-1484, 2005 WL 1502068, at *10 (D.N.J. June

24, 2005) (citing *Bell v. Wolfish,* 441 U.S. 520 (1979) and *Fuentes v. Wagner*, 206 F.3d 335, 341-42 (3d Cir. 2000)). "[D]enial of the 'minimal civilized measure of life's necessities,' *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), which would include basic sanitary conditions, would be sufficient to state an actionable constitutional deprivation. Further, unsafe, unsanitary and inadequate conditions do not appear reasonably related to a legitimate, non-punitive governmental objective." *Al-Shahin*, 2007 WL 2985553, at *10 (allowing plaintiff's claims of denial of basic hygiene products and clothing to proceed as claim of unconstitutional conditions of confinement). *Accord Gonzalez-Cifuentes v. U.S. Dep't of Homeland Sec.*, No. 04-4855, 2005 WL 1106562, at *12 (D.N.J. May 3, 2005).

33. While the Constitution "does not mandate comfortable prisons" (*Rhodes*, 452 U.S. at 349), Plaintiff's allegation of wearing "bloody pants for 2 days" (Complaint § III(C)) encompasses "basic sanitary conditions." *Rhodes*, 452 U.S. at 347.

34. However, as the Clean Clothes Claim seeks only injunctive relief by Plaintiff who is no longer incarcerated, it must be dismissed as moot for Plaintiff's lack of standing.

### Conclusion

35. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by

specific state actors, that caused Plaintiff herself to endure genuine privations and hardship over a specific and extended period of time, and that were excessive in relation to their purposes. Any amended complaint shall identify by name the party(ies) whom Plaintiff alleges are liable under her Overcrowding Claim, Medical Care Claim, and Clothing Conditions Claim.

36. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days after the date this Opinion and Order are entered on the docket. Any such amended complaint shall be subject to screening prior to service under 28 U.S.C. § 1915. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Upon Plaintiff's failure to file such amended complaint, her claims shall be subject to dismissal without further notice for failure to state a claim.

37. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes

omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and Order. Likewise, if Plaintiff is unable to supply factual allegations that cure the deficiencies of her present Complaint, it would be futile to file an Amended Complaint with regard to such a claim.

38.  For the reasons stated above, Plaintiff's Complaint: (a) is dismissed with prejudice as to claims made against CCCF; (b) is dismissed without prejudice as to Plaintiff's Overcrowding Claim; (c) is dismissed without prejudice as to Plaintiff's Medical Care Claim; and (d) is dismissed without prejudice as to Plaintiff's Clothing Conditions Claim.

39.  An appropriate order follows.


**March 27, 2018**             **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                                     U.S. District Judge